UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


JOHNNY JACKSON,

    Plaintiff,

v.                                                        Case No. 2:08-cv-20
                                                        HON. R. ALLAN EDGAR

UNKNOWN PELKOLA, et al.,

    Defendants.

_____/


## REPORT AND RECOMMENDATION

Plaintiff Johnny Jackson, an inmate currently confined at the Marquette Branch Prison (MBP), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Corrections Officer Unknown Pelkola and Corrections Officer Unknown Fleury, both of whom are employed at the Alger Maximum Correctional Facility (LMF).

Plaintiff's complaint alleges that on April 11, 2007, while he was confined at LMF, he was taken to the showers by Officer Briggs and Officer John Doe. While Plaintiff was taking a shower, his cell was searched by Defendants. When Plaintiff returned from his shower, the inmate across the hall, Booth, told Plaintiff that Defendants rubbed his toothbrush on the inside of his toilet during the cell search. During this time, Defendants returned to the area and blocked Plaintiff's view of inmate Booth. Plaintiff then examined his toothbrush and noticed that it was wet and had a brown mildew like substance on the bristles. Plaintiff states that the substance smelled like human feces.

Later that day, when Defendant Pelkola was making rounds, Plaintiff held up his toothbrush and told Defendant Pelkola that her actions had been witnessed by inmate Booth.

Plaintiff then asked Defendant Pelkola why she would do such an inhumane thing. Defendant Pelkola responded by stating, "Look nigger, you better be lucky that's all I did to your toothbrush, because I could have did [sic] something much more serious then [sic] that." Later that night, Defendant Fleury told Plaintiff he'd better not "fuck with" Defendant Pelkola. Plaintiff filed a grievance regarding the conduct of both Defendants.

On April 21, 2007, Defendant Pelkola told Plaintiff that she could not wait to come into Plaintiff's cell again, which Plaintiff interpreted as a threat to continue harassing him. Plaintiff did not respond to this comment. On May 8, 2007, Defendant Pelkola stopped at Plaintiff's cell door for no apparent reason. Plaintiff asked whether Defendant Pelkola was there to harass him, and Defendant Pelkola stated that she would always have "something for [Plaintiff's] ass." On May 12, 2007, Defendant Pelkola stopped at Plaintiff's cell during rounds and stated, "Your little monkey ass wrote a grievance on me, that's why you're sleeping on concrete, damn black ass monkey." Later that day, Defendant Pelkola asked Plaintiff, "You know I'm going to get your ass, right?" Defendant Pelkola then attempted to give Plaintiff food loaf, while admitting that Plaintiff was not on food loaf detail. Plaintiff refused to accept the food loaf and Defendant Pelkola started to leave the area without giving Plaintiff any food at all. Plaintiff asked Defendant Pelkola why she was treating him in that manner and she told him that if he stopped filing grievances regarding his toothbrush, she might let him eat.

Plaintiff asserts that he had given witness statements to other prisoners who had received false misconduct tickets in the past and that, in response, Defendants sought to intimidate Plaintiff with racial harassment and discriminatory conduct. Plaintiff claims that Defendants

violated his rights under the First and Fourteenth Amendments. Plaintiff is seeking compensatory and punitive damages, as well as injunctive relief.

Presently before the Court is Defendants' second motion for summary judgment filed pursuant to Fed. R. Civ. P. 56. In response, Plaintiff has filed a motion to strike. The matter is ready for decision. Because both sides have asked that the Court consider evidentiary materials beyond the pleadings, the standards applicable to summary judgment apply. *See* Fed. R. Civ. P. 12(b).

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue

of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Defendants state that they are entitled to summary judgment on Plaintiff's claim that Defendant Pelkola retaliated against him by placing feces on his toothbrush. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Defendants note that in Plaintiff's deposition, Plaintiff testified that the sole reason for the toothbrush incident was that Plaintiff masturbated in front of Defendant Pelkola and other female staff. (Plaintiff's Deposition, pp. 5-6, 13-14.) As noted by Defendants, masturbation does not constitute protected conduct. Therefore, Defendants are entitled to summary judgment on this claim.

Defendants further state that they are entitled to summary judgment on Plaintiff's claim that he was placed on mattress restriction in retaliation for filing grievances. As noted by Defendants, Plaintiff admitted in his deposition testimony that the named Defendants in this case

were not involved in the mattress restriction. (Plaintiff's Deposition, p. 12.) Therefore, the undersigned recommends that Defendants be granted summary judgment on this claim.

In addition, Defendants claim that they are entitled to summary judgment on Plaintiff's remaining retaliation claims because mere comments and the denial of a single meal are not sufficiently adverse to deter a person of ordinary firmness from engaging in protected conduct. The undersigned agrees. Consequently, in the opinion of the undersigned, Defendants are entitled to summary judgment on Plaintiff's retaliation claims.

Defendants also claim that they are entitled to summary judgment on Plaintiff's equal protection claims. The Equal Protection Clause of the Fourteenth Amendment commands that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1. As we have explained, "to withstand Fourteenth Amendment scrutiny, statutes that do not interfere with fundamental rights or single out suspect classifications must bear only a rational relationship to a legitimate state interest." *Jackson v. Jamrog,* 411 F.3d 615, 618 (6th Cir. 2005) (quoting *Richland Bookmart, Inc. v. Nichols,* 278 F.3d 570, 574 (6th Cir. 2002)).

The Sixth Circuit has held that a pattern of racial harassment involving racial slurs may violate the Equal Protection Clause. *Knop v. Johnson*, 977 F.2d 996, 1013-14 (6th Cir. 1992), *cert. denied*, 507 U.S. 973 (1993). However, the use of racial slurs, without harassment or some other conduct that deprives the victim of established rights, fails to state a claim for violation of the Equal Protection Clause. *Williams v. Bramer*, 180 F.3d 699, 706 (5th Cir. 1999); *Williams v. Kaufman County*, 86 F. Supp. 2d 586, 598 (N.D. TX, Feb. 7, 2000); *Oliver v. Cuttler*, 968 F. Supp. 83, 88 (E.D. N.Y., May 24, 1997).

As noted above, Plaintiff testified in his deposition that the only motivation for the toothbrush incident was the fact that Plaintiff had masturbated in front of Defendant Pelkola and other female staff. Furthermore, in Plaintiff's deposition, he testified that the only reason that Defendant Pelkola attempted to give him food loaf, and then denied him his meal, was because he had filed a grievance on her. (Plaintiff's Deposition, pp. 11, 13-14.) Consequently, the only remaining incidents include two racial slurs made by Defendant Pelkola. As noted above, the use of racial slurs, without harassment or some other conduct that deprives the victim of established rights, fails to state an equal protection claim. Therefore, the undersigned recommends granting Defendants summary judgment on this claim.

In summary, in the opinion of the undersigned, Plaintiff has failed to sustain his burden of proof in response to Defendants' second motion for summary judgment. Accordingly, it is recommended that Defendants' second motion for summary judgment (Docket #45) be granted and this case be dismissed in its entirety. In addition, the undersigned recommends that Plaintiff's motion to strike (docket #49) be denied.

Should the court adopt the report and recommendation in this case, the court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the undersigned recommends granting Defendants' motion for summary judgment, the undersigned discerns no good-faith basis for an appeal. Should the court adopt the report and recommendation and should Plaintiff appeal this decision, the court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from

proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

        /s/ Timothy P. Greeley
        TIMOTHY P. GREELEY
        UNITED STATES MAGISTRATE JUDGE

Dated: October 29, 2009